UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAND ROVER,<br><br>      Plaintiff,<br><br>v.<br><br>BOSTON ROVERLAND COMPANY INCORPORATED, and BOSTON ROVERLAND SALES AND SERVICE, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Land Rover, by its attorneys Honigman Miller Schwartz and Cohn LLP and Foley Hoag LLP, for its Complaint against Defendants Boston Roverland Company Incorporated and Boston Roverland Sales and Service, Inc. ("Defendants"), alleges as follows:

## PARTIES

1. Plaintiff Land Rover is an unlimited company, organized under the laws of England and Wales, and has a place of business at Banbury Road, Gaydon, Warwick Warwickshire CV35 0RR, United Kingdom.

2. On information and belief, Defendant Boston Roverland Company Incorporated is a Massachusetts corporation having its principal place of business at 43 A Street, Boston, Massachusetts 02127.

3. On information and belief, Defendant Boston Roverland Sales and Service, Inc. is a Massachusetts corporation having its principal place of business at 43 A Street, Boston, Massachusetts 02127.

## JURISDICTION

4. The federal claims pleaded herein arise under the Lanham Act, 15 U.S.C. §1501, *et seq.*

5. Subject matter jurisdiction for the federal claims pleaded herein is conferred upon the Court by 15 U.S.C. §1121(a) and 28 U.S.C. §1338(a).

6. The state law claims pleaded herein arise under the laws of the Commonwealth of Massachusetts.

7. Subject matter jurisdiction for the state law claims pleaded herein is conferred upon the Court by 28 U.S.C. §1367.

8. This Court has personal jurisdiction over the Defendants because they conduct business and are committing acts of infringement in the Commonwealth of Massachusetts and this District.

## FACTUAL BACKGROUND

### Land Rover and its Asserted Trademarks

9. Land Rover has manufactured LAND ROVER brand vehicles for over 60 years. During that time, LAND ROVER has been recognized as a premier automotive brand in the United States for vehicles known for their luxury standards and rugged capability.

10. The LAND ROVER model family currently includes the RANGE ROVER, RANGE ROVER SPORT, RANGE ROVER EVOQUE, LR2 and LR4 vehicles.

11. In addition to vehicles, Land Rover provides repair and maintenance services through its independent dealer network. These services are provided under the LAND ROVER trademark via license. Land Rover also manufactures and sells replacement parts and accessories under the LAND ROVER brand.

12. Land Rover's vehicles feature numerous design elements that are aesthetically pleasing to consumers and enable consumers to quickly recognize a vehicle as emanating from Land Rover. For example, the grille, body shape, and headlight design, individually and collectively, of Land Rover's RANGE ROVER vehicles are highly distinctive and well-recognized by consumers. Such design elements constitute Land Rover's protectable trade dress.

13. In addition to its widespread use, Land Rover owns numerous registrations for the LAND ROVER mark and the following, well-known LAND ROVER mark in a green oval design (the "Land Rover Logo") across numerous categories of goods and services:



The LAND ROVER brand and vehicles are often referred to by customers as "Rover" or "Rovers," and the ROVER name is readily associated with Land Rover. Land Rover also owns

trademark registrations for the mark ROVER for vehicles. Land Rover's registrations include the following representative registrations:

| Mark | U.S. Reg. No. | Int'l Class(es) No(s). |
|---|---|---|
| LAND ROVER (with "Zig Zag" graphic) | 1,201,939 | 12 |
| Land Rover Logo | 3,485,024 | 12 |
| LAND ROVER | 1,876,223 | 2, 4, 6, 7, 12, 14, 18, 20, 27, 36, 37 |
| Land Rover Logo | 3,524,906 | 37 |
| LAND ROVER | 541,722 | 12 |
| LAND ROVER | 2,767,628 | 12 |
| ROVER | 3,566,367 | 12 |
| ROVER | 3,474,334 | 12 |

14. The above registrations, issued and pending, are owned by Land Rover, were duly issued in compliance with law, and they are valid and subsisting. Further, many of these registrations have become incontestable. Copies of the above registrations are attached as

**Exhibit A**.  Collectively, Land Rover will refer herein to the trademarks and service marks listed in the foregoing Paragraphs 9-12 as the "Land Rover Marks."

15. Over the past 60 years, Land Rover has spent millions of dollars establishing the LAND ROVER brand and Land Rover Marks in the minds of its customers and the public, and has established itself as a source of high quality vehicles, parts and accessories.

16. As a result of Land Rover's continuous use, extensive sales, advertising and promotion of the Land Rover Marks, these marks enjoy worldwide recognition and a world famous reputation, and are recognized by the public as emanating from Land Rover.  The Land Rover Marks were famous prior to any use of these marks by Defendant.

17. The Land Rover Marks symbolize the business goodwill of Land Rover, and are an intangible asset of substantial commercial value.

### Defendants and Their Unauthorized Use of Land Rover's Trademarks

18. On information and belief, with actual knowledge of Land Rover's prior use of the Land Rover Marks and with the intent to misrepresent the source of their goods and services, Defendants have registered Boston Roverland Company Incorporated and Boston Roverland Sales and Service, Inc. as corporate names with the Commonwealth of Massachusetts.  Excerpts from the Commonwealth's Corporations Division records are attached as **Exhibit B.**  Defendants offer repair services for LAND ROVER vehicles under the name and trademark "Boston Roverland."   Collectively, the Boston Roverland names and marks are referred to as the

"ROVERLAND Names and Marks."  See recent photograph of Defendants' signage below:



19. As shown in the signage above, Defendants are using the Land Rover Logo on their business signage to promote their services.

20. On information and belief, Defendants operate a website under the domain name <bostonroverland.com> and they promote their services on this website.  The home page of Defendants' website prominently features a stylized version of the mark BOSTON ROVERLAND superimposed over a clearly recognizable image of Land Rover's RANGE ROVER vehicle featuring Land Rover's trade dress.  Land Rover's trade dress and the LAND ROVER trademark are also clearly visible in two advertising-style photos of Land Rover vehicles featured on the home page.  A recent copy of Defendant's home page is attached as **Exhibit C**.

21. Land Rover began objecting to Defendants activities in March 2011, when Land Rover first learned about Defendants.  Land Rover sent numerous letters to Defendants dated March 10, 2011; April 5, 2011; May 2, 2011; May 19, 2011; June 13, 2011; July 12, 2011; and September 15, 2011.  Other than an e-mail response on March 11, 2011 denying liability, Land Rover did not receive any response to its letters.  On October 17, 2011, Land Rover sent

Defendants a courtesy copy of this Complaint, advising them that they would file the Complaint absent a response from Defendants. Receiving no response, Land Rover left several messages with an individual at the business for Defendants' principal, but still received no response. As demonstrated through its letters and calls, Land Rover has been exceedingly reasonable in attempting to resolve this matter with Defendants. Copies of letters attached as **Exhibit D.**

22. Defendants are not an authorized Land Rover dealer or repair shop, nor are Defendants otherwise authorized to use the Land Rover Marks in connection with their business.

### Defendant's Actions Are Inflicting Irreparable Harm on Land Rover

23. Defendants' ROVERLAND Names and Marks are mere transpositions of Land Rover's famous LAND ROVER trademark. Further, the ROVERLAND Names and Marks begin with the well-known ROVER trademark and are likely to cause confusion with and/or dilution of the Land Rover Marks.

24. Defendants' use, both individually and collectively, of the ROVERLAND Names and Marks, the images of Land Rover's vehicles, the Land Rover Logo, and the bostonroverland.com domain name, is likely to cause confusion, mistake, or deception among consumers regarding the source of origin of Defendants' services.

25. Defendants' use, both individually and collectively, of the ROVERLAND Names and Marks, the images of Land Rover's vehicles, the Land Rover Logo, and the bostonroverland.com domain name is likely to dilute the distinctive nature of the Land Rover Marks and trade dress, and of the exclusive rights Land Rover enjoys.

26. Defendants' infringement has been willful and deliberate, designed specifically to trade on the goodwill associated with the Land Rover Marks. In fact, Defendants have declined to cease the complained-of activities despite Land Rover's numerous requests.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

27. The allegations of the foregoing paragraphs are incorporated herein by reference.

28. Despite Land Rover's well known prior rights, Defendants have used and continue to use in commerce without Land Rover's consent the Land Rover Marks, or counterfeits, copies, reproductions or colorable imitations thereof in connection with the sale, offering for sale, distribution, and/or advertising of the Defendants' services. Such use is likely to cause confusion, mistake, or deception among consumers.

29. Defendants' actions constitute willful infringement of Land Rover's exclusive rights in the federally registered Land Rover Marks, in violation of 15 U.S.C. § 1114.

30. Defendants' use of the Land Rover Marks and counterfeits, copies, reproductions, or colorable imitations thereof has been and continues to be done with the intent to cause confusion, mistake, and to deceive customers concerning the source and/or sponsorship of Defendants' services.

31. Because Defendants knowingly and intentionally used counterfeits, copies, reproductions, or colorable imitations of the Land Rover Marks in connection with their products and services, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

32. As a direct and proximate result of Defendants' conduct, Land Rover has suffered irreparable harm to the valuable Land Rover Marks and Land Rover's reputation in the industry, and other damages in an amount to be proved at trial. Unless Defendants are restrained from further infringement of the Land Rover Marks, Land Rover will continue to be irreparably harmed.

33. Land Rover has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

## COUNT II

### TRADEMARK INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125

34. The allegations of the foregoing paragraphs are incorporated herein by reference.

35. Defendants have knowingly used and continue to use in commerce at least the Land Rover Logo, the LAND ROVER trademark, the ROVER trademark, and Land Rover's trade dress (and perhaps additional Land Rover Marks) or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the services that the Defendants offer, advertise, promote, and sells.

36. Defendants' use of the marks alleged above is likely to confuse, mislead, and/or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants and Land Rover and/or Defendants' services and Land Rover's products and services, and is likely to cause such people to believe in error that Defendants' services have been authorized, sponsored, approved, endorsed, or licensed by Land Rover or that the Defendants are in some way affiliated with Land Rover.

37. Defendants' actions were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

38. Defendants' acts constitute false and misleading descriptions of fact, false advertising, and false designations of the origin and/or sponsorship of Defendants' services, and constitute trademark infringement in violation of 15 U.S.C. § 1125(a).

39.     By reason of Defendants' actions, Land Rover has suffered irreparable harm to its valuable Land Rover Marks.  Unless Defendants are restrained from their actions, Land Rover will continue to be irreparably harmed.

40.     Land Rover has no remedy at law that will compensate it for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

41.     As a direct and proximate result of Defendants' conduct, Land Rover has suffered damages to the valuable Land Rover Marks, and other damages in an amount to be proved at trial.

### COUNT III

### TRADEMARK DILUTION UNDER 15 U.S.C. §1125(c) AND COMMON LAW TRADEMARK DILUTION

42.     The allegations of the foregoing paragraphs are incorporated herein by reference.

43.     The Land Rover Marks have become famous and distinctive in the United States and worldwide through the extensive, continuous and exclusive use of them in connection with Land Rover's products and services.  These marks were famous prior to any use of them or confusingly similar marks by Defendants.

44.     Despite knowledge of the Land Rover Marks, Defendants used and continue to use in commerce the spurious ROVERLAND Names and Marks, the Land Rover Logo, and the domain name <bostonroverland.com>, in connection with the advertisement, promotion, and sale of Defendants' services.

45.     Defendants' use as described herein has caused and continues to cause irreparable injury to, and a likelihood of dilution of, the distinctive quality of the Land Rover Marks in violation of Land Rover's rights under 15 U.S.C. §1125(c) and common law.  Defendants'

wrongful use of Land Rover's famous trademarks is likely to dilute the distinctive nature of those marks.

46. Defendants used and continue to use in commerce Land Rover Marks and marks confusingly similar to those marks willfully and with the intent to dilute the marks, and with the intent to trade on the reputation and good will of Land Rover and the Land Rover Marks. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

47. As a direct and proximate result of Defendants' conduct, Land Rover has suffered irreparable harm to the valuable LAND ROVER and Land Rover Logo trademarks, and other damages in an amount to be proved at trial. Unless Defendants are enjoined, these famous and valuable Land Rover trademarks will continue to be irreparably harmed and diluted.

48. Land Rover has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' actions are allowed to continue.

## COUNT IV

## MASSACHUSETTS COMMON LAW UNFAIR COMPETITION

49. The allegations of the foregoing paragraphs are incorporated herein by reference.

50. Defendants' conduct constitutes unfair competition in violation of Massachusetts common law.

51. Defendants' conduct has caused and is continuing to cause irreparable harm to Land Rover and unless preliminarily and permanently enjoined by this Court, will continue to cause irreparable harm to Land Rover.

## COUNT V

### MASSACHUSETTS UNFAIR COMPETITION
### MASS. GEN. LAWS Ch. 110H, §§ 13, 16

52.     The allegations of the foregoing paragraphs are incorporated herein by reference.

53.     Defendants' conduct, including as described above, constitutes unfair competition in violation of Mass. Gen. Laws ch. 110H, §§ 13 and 16.

54.     As a result of Defendants' conduct, Land Rover has suffered, and will continue to suffer, actual damages and irreparable harm, for which it has no adequate remedy at law. Accordingly, Land Rover seeks injunctive relief pursuant to Mass. Gen. Laws ch. 110H, § 13.

## COUNT VI

### MASSACHUSETTS TRADEMARK DILUTION
### MASS. GEN. LAWS Ch. 110H, § 13

55.     The allegations of the foregoing paragraphs are incorporated herein by reference.

56.     Defendants' conduct, including as described above, is likely to injure the business reputation of Land Rover, impair the effectiveness of the Land Rover Trademarks and dilute the distinctive quality of the Land Rover Trademarks and the reputation and goodwill symbolized by those marks, in violation of Mass. Gen. Laws ch. 110H, § 13.

57.     As a result of Defendants' conduct, Land Rover has suffered, and will continue to suffer, actual damages and irreparable harm, for which it has no adequate remedy at law. Accordingly, Land Rover seeks injunctive relief pursuant to Mass. Gen. Laws ch. 110H, § 13.

## COUNT VII

### UNFAIR AND DECEPTIVE ACTS AND PRACTICES
### MASS GEN. LAWS Ch. 93A

58.     The allegations of the foregoing paragraphs are incorporated herein by reference.

59.     Land Rover and Defendants are engaged in the conduct of trade or commerce within the meaning of Mass. Gen Law ch. 93A.

60.     The foregoing conduct by Defendants constitutes unfair or deceptive acts and practices within the meaning of Mass. Gen. Laws ch. 93A.

61.     Through the unfair and deceptive acts and practices described herein, Land Rover has been, and continues to be, damaged by Defendants' activities and conduct.  Defendants have profited thereby and, unless their conduct is enjoined, Land Rover will continue to suffer irreparable injury that cannot adequately be calculated or compensated by monetary damages.  Accordingly, Land Rover seeks injunctive relief pursuant to Mass. Gen. Laws ch. 93A, § 11.

62.     By using the Land Rover Logo, the LAND ROVER trademark, the ROVER trademark, and Land Rover's trade dress in commerce, Defendants have intentionally and knowingly violated Land Rover's rights.  Accordingly, Land Rover is entitled to a judgment of three times its damages, together with reasonable attorney's fees, pursuant to Mass. Gen. Laws ch. 93A § 11.

## **DEMAND FOR RELIEF**

WHEREFORE, Land Rover respectfully requests entry of a judgment granting relief against the Defendants as follows:

A.     A determination that Defendants willfully and deliberately violated 15 U.S.C. §1114, that Land Rover has been damaged by such violation, and that the Defendants are liable to Land Rover for such violation;

B.     A determination that Defendants violated 15 U.S.C. §§1125(a), (c), and (d)(1)(A)-(B), that Land Rover has been damaged by such violations, and that Defendants are liable to Land Rover for such violations;

C. A determination that the Defendants committed common law trademark infringement, that Land Rover has been damaged by such infringement, and that Defendants are liable to Land Rover for common law trademark infringement;

D. A determination that this case is "exceptional" in the sense of 15 U.S.C. §1117(a);

E. Under all claims for relief, that an injunction be temporarily, preliminarily, and permanently issued enjoining Defendants, its officers, employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(1) imitating, copying, or making any unauthorized use of the Land Rover trademarks, including but not limited to "Roverland," "Roverland"-formative names and marks, the domain name <bostonroverland.com>, and the Land Rover Marks;

(2) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Land Rover Marks;

(3) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Land Rover Marks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service;

(4) using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting the Land Rover Marks) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants is in any manner associated or connected with Land Rover or the Land Rover Marks, or is sold, manufactured, licensed, sponsored, approved or authorized by Land Rover; and

(5) registering any domain names consisting of or containing the Land Rover Marks.

G. For an Order directing that Defendants deliver for destruction all products, promotional and advertising materials, labels, tags, signs, prints, packages, videos, or other

materials in their possession or under their control, bearing or using the Land Rover Marks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118, including but not limited to the ROVERLAND Names and Marks;

  H. For an Order directing the transfer of any domain name that infringes the Land Rover Marks under Defendants ownership or control to Land Rover or its designee;

  I. For an Order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Land Rover or related in any way to Land Rover's products and services;

  J. For an Order directing the Defendants and their agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon Land Rover's counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment;

  K. For an Order permitting Land Rover, and/or auditors of Land Rover, to audit and inspect the books, records, and premises of the Defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendants' past use of Land Rover's intellectual property, including all manufacturing, distribution, and sales of products and services bearing Land Rover's trademarks, as well as the Defendants' compliance with the orders of this Court;

  L. For an award of Land Rover's costs and disbursements incurred in this action, including Land Rover's reasonable attorney's fees;

M.    For an award of Land Rover's damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Land Rover's costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

N.    For an award of Land Rover's damages arising out of Defendants' acts;

O.    For an Order requiring Defendants to file with the Court and provide to Land Rover an accounting of all sales and profits realized by Defendants through the use of the Land Rover Marks and any confusingly similar marks or counterfeits, copies, reproductions or colorable imitations thereof;

P.    For an award of interest, including pre-judgment interest on the foregoing sums;

Q.    For such other and further relief as the Court may deem just and appropriate.

      Respectfully submitted,

      By its attorneys,

      HONIGMAN MILLER
      SCHWARTZ AND COHN LLP

      /s/ Deborah J. Swedlow
      Deborah J. Swedlow (BBO #644683)
      130 South First Street
      Fourth Floor
      Ann Arbor, Michigan 48104
      Telephone: (734) 418-4268
      Facsimile: (734) 418-4269
      bswedlow@honigman.com


      FOLEY HOAG LLP

      /s/ Michael P. Boudett
      Michael P. Boudett (BBO #558757)
      Anthony E. Rufo (BBO #675542)
      FOLEY HOAG LLP
      Seaport West
      155 Seaport Boulevard
      Boston, Massachusetts 02210-2600
      Telephone: (617) 832-1000
      Facsimile: (617) 832-7000
      mboudett@foleyhoag.com
      arufo@foleyhoag.com

Date: November 23, 2011

3949990